UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD V. RAY, JR., | No. C 10-824 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| TERENCE BRUINIERS, Judge, 1st District Court of Appeal, | |
| Defendant. | |

## INTRODUCTION

Edward V. Ray, Jr., a California prisoner currently housed at an out-of-state correctional institution in Tutwiler, Mississippi, filed a pro se civil complaint. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Ray alleges that the appellate judge who wrote the opinion that affirmed his judgment of conviction falsified information about the crimes of which Ray stands convicted. He further alleges that he is white and the victim identified the assailants as black or Hispanic; therefore, he reasons, "it is 'physically impossible' for [Ray] to be either suspect and it was the judge's duty to reverse due to the insufficient evidence as to complainant." Complaint, p. 3.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Plaintiff commenced this action by filing a document captioned as a "Criminal Complaint Under 18 U.S.C.S. §§ 241 and 242." The sections he cites do not provide for a private right of action. See Peabody v. United States, 394 F.2d 175, 177 (9th Cir. 1968). As a private citizen, Ray has no authority to criminally prosecute anyone. The complaint is legally frivolous insofar as it attempts to initiate a criminal prosecution of the defendant. The way a private citizen plaintiff pursues a claim for a violation of his civil rights is through a civil rights complaint under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Construing the complaint to be a civil rights complaint under § 1983 does not help plaintiff under the circumstances.

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Whether an act by a judge is a judicial one relates to (1) the nature and function of the act and not the act itself, i.e., whether it is a function normally performed by a judge, and to (2) the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978); see also Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001) (other factors to consider in determining whether a particular act is

judicial include whether the events occurred in the judge's chambers, whether the controversy centered around a case then pending before the judge, and whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. at 356-57 (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1872)); see also Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice); Sadorski v. Mosley, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity). Deciding an appeal and writing an opinion announcing the decision are judicial acts squarely within the jurisdiction of a state appellate judge. Defendant therefore has absolute judicial immunity for the alleged misstatements in the opinion and the alleged incorrect decision on Ray's appeal from his conviction. The complaint must be dismissed because it is legally meritless.

Even if the defendant did not have absolute judicial immunity, the action would be barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994) insofar as plaintiff seeks damages against the defendant. That rule – explained in more detail in the Order of Dismissal in Ray v. Farrell, C 10-823 SI – generally precludes a prisoner-plaintiff from obtaining damages in a § 1983 action for alleged constitutional violations in connection with his criminal trial as long as the conviction remains in place. Plaintiff's claim that the defendant-judge wrongly failed to overturn his conviction would, if it succeeded, squarely call into question the validity of his conviction. Normally, Heck would bar the damages claim until the conviction is set aside and the court would dismiss the action without prejudice to filing a new action if the conviction is ever set aside. Here, however, the defendant's judicial immunity will always remain a bar to an action for damages, so the dismissal will be with prejudice.

A petition for writ of habeas corpus is the exclusive method by which a person may challenge in this court the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Ray has filed a petition for writ of habeas corpus that is now pending, see

3

Ray v. Cate, No. C 10-1582 SI.

**CONCLUSION**

For the foregoing reasons, this action is DISMISSED with prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 1, 2010

_____
SUSAN ILLSTON
United States District Judge

4